IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Nathaniel McGhee and Eliga McGhee,**<br><br>Plaintiffs,<br><br>v.<br><br>**City of Philadelphia, et al.,**<br><br>Defendants. | CIVIL ACTION<br><br>NO. 17-832 |

**MEMORANDUM**

**Baylson, J.**                                                                                               **April 17, 2025**

Defendants have filed a Motion to Bifurcate the liability issues in this case into two separate trials.[1][2] The first would be limited to Plaintiffs proving their claims against the individual police officers under Section 1983. The second and separate trial would be against the City of Philadelphia on the *Monell* claim. The Court had argument on this Motion on April 15, 2025. Plaintiffs' counsel was unable to appear in person for personal reasons, but the Court allowed him to make arguments in opposition to Defendants' Motion via telephone conference call into Courtroom 3A.

Defendants' principal argument is that there is "no overlap" in the evidence against the police officers and the evidence against the City of Philadelphia. The Court acknowledges that there is limited overlap but rejects Defendants' arguments that there is no overlap. One example of this would be that the Plaintiffs would testify to their own personal experiences in accordance

---

[1] The Court notes that this case was filed over eight years ago, in February 2017. This case was reassigned to the undersigned on November 11, 2023, ECF 12. The Court has taken great efforts to avoid further delays.

[2] On March 7, 2025, Officer Defendants and City Defendant filed a Joint Motion to Bifurcate Trial, ECF 74, pursuant to this Court's Final Pretrial Order, ECF 72. Plaintiffs' Response was due on April 9, 2025, following the parties April 8, 2025, settlement conference. Plaintiffs did not file a Response and on April 10, 2025, the Court Ordered Plaintiff to respond by April 15, 2025, ECF 77, the date of the Hearing on Defendants' Bifurcation Motion. At the Hearing, Plaintiffs made an Oral Motion to extend the Response deadline, ECF 80, which this Court granted, ECF 81, Plaintiffs filed their Response on April 16, 2025.

with the fairly detailed allegations in the Amended Complaint in this case. ECF 56. The Plaintiffs would then attempt to introduce, by separate witnesses, evidence that the City of Philadelphia was aware of these practices and did nothing to stop them, which Plaintiffs assert would satisfy the *Monell* standard.

Although the Court need not and will not rule on the sufficiency of evidence at this time, the Court notes that Plaintiffs' counsel, during the argument, was very vague as to what specific evidence he would be able to introduce against the City and by what witnesses.

One of the problems in this case for all parties is that the events at issue took place in 2007, and a City policy on which the Plaintiffs rely was not promulgated until 2009.

Whether Plaintiffs can establish that this policy existed in 2007 may be a difficult issue of proof at trial. Nonetheless, the Court may have to await the development of the evidence at trial to determine if Plaintiffs can satisfy the substantial burden of proof required under *Monell* jurisprudence.

Defendants' strongest argument is that two other judges in this court, Judge Diamond and Judge Surrick, agreed to have a bifurcated trial on these two different liability issues, which resulted in a defense verdict in both cases.

In this case, the Court will agree to bifurcation of liability as to all Defendants, and any issue of damages.

Rather than bifurcation of the liability issues, with due respect to my colleagues who ruled otherwise, this case will proceed with what the Court calls "segmentation." Plaintiff will be required to present their evidence as to the police officers first, with cross-examination by defense counsel, and then the individual defendants may make a Rule 50 motion for directed

verdict.  Plaintiffs will then proceed separately from prior evidence with their evidence against the City under the *Monell* theory, with full cross-examination and any defense testimony.

Following the completion of all of this liability testimony, the jury will be given separate interrogatories on these issues, to be developed in pretrial discussion with counsel and a verdict will be rendered by the jury on these liability issues.

If there is a finding in favor of Plaintiffs on either theory of liability, then Plaintiffs will be required to proceed before the same jury on damages and Defendants may respond with their evidence on damages, and then the Court will give instructions to the jury on damages.

The Court believes that in this case this is a more appropriate, fair and efficient way of separating the two theories of liability but allowing the case to proceed on both theories before a jury verdict is returned on liability.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 17\17-832 McGhee v City\17-832 Bifurcation Memo.docx